UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES MICHAEL HALL | CIVIL ACTION NO: 6:18-cv-00410 |
| VERSUS | JUDGE: UNASSIGNED DISTRICT JUDGE |
| LANDSTAR RANGER, INC., OLD REPUBLIC INSURANCE COMPANY, AND JACQUES J. MANASSEE | MAGISTRATE: CAROL B. WHITEHURST |

## ANSWER TO COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel come LANDSTAR RANGER, INC., OLD REPUBLIC INSURANCE COMPANY and JACQUES J. MANASSEE, sought to be made defendants in the captioned matter, who, for answer to plaintiff's Complaint for Damages respectfully aver:

### First Affirmative Defense

Defendants, LANDSTAR RANGER, INC., OLD REPUBLIC INSURANCE COMPANY and JACQUES J. MANASSEE, hereby aver and deny that they, or anyone for whom they may be responsible were negligent or at fault in causing the damages to plaintiff herein, if any, but, rather, aver that said accident was caused by the sole fault of James Michael Hall, the operator of the GMC Envoy, said acts of fault being set forth in the following non-exclusive particulars:

(A) Failing to observe the traffic conditions around him and keep a proper lookout maintain a proper look out;

(B) Failing to have his automobile under control;

(C) In driving too slowly and/or coming to a sudden stop on the interstate;

(D) Driving in a generally inattentive and careless manner;

(E)     Failing to see what he should have seen and do what she should have done; and

(F)     Such acts and omissions as will be shown at the trial of this matter, all of which were in contravention of exercise of due care, prudence, in accordance with the laws of the State of Louisiana, which are pled as if and as though copied *in extensor.*

## Second Affirmative Defense

Alternatively, and only in the event that this Honorable Court should find that Defendants are liable to plaintiff in any manner whatsoever, which is at all times denied, then, in that event, Defendants specifically plead and aver the fault of James Michael Hall as a complete bar to any recovery herein, and alternatively, in mitigation of damages.

## Third Affirmative Defense

Defendants hereby aver that if any fault of additional parties or non-parties should be determined through discovery and/or evidence, such fault should also be compared and/or apportioned and any recovery against the Defendants reduced accordingly.

## Fourth Affirmative Defense

Defendants hereby deny the plaintiff is injured and/or sustained damages as alleged, and, if determined though discovery and/or evidence, would assert and aver any alleged injuries and/or damages arise from a pre-existing condition or conditions and/or a separate incident or incidents.

## Fifth Affirmative Defense

Defendants aver that if determined through discovery and/or evidence, Defendants would assert the failure of the plaintiff to mitigate his injuries and/or damages.

<u>Sixth Affirmative Defense</u>

Defendants deny each and every allegation of the Complaint for Damages except for those expressly admitted herein. And now, in further responding to the allegations of the plaintiff's Complaint for Damages, Defendants aver:

1.

The allegations of paragraph 1 of the Complaint for Damages do not necessitate a response from these Defendants.  In the event that a response is deemed necessary, the allegations contained in paragraph 1 of the Complaint for Damages are admitted.

2.

The allegations of paragraph 2 of the Complaint for Damages are denied except to admit the status and domicile of the named parties.

3.

The allegations of paragraph 3 of the Complaint for Damages do not necessitate a response from these Defendants.  In the event that a response is deemed necessary, the allegations contained in paragraph 3 of the Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

4.

The allegations of paragraph 4 of the Complaint for Damages are denied.

5.

The allegations of paragraph 5 of the Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of paragraph 6 of the Complaint for Damages are denied except that it is admitted that on or about September 4, 2017, Mr. Manassee was operating a 2012 Freightliner tractor trailer truck traveling in a westerly direction on Interstate 10 in Calcasieu Parish, Louisiana.

7.

The allegations of paragraph 7 of the Complaint for Damages are denied.

8.

The allegations of paragraph 8 of the Complaint for Damages are denied.

9.

The allegations of paragraph 9 of the Complaint for Damages are denied. It is affirmatively alleged and averred that on or about September 4, 2017, Manassee was working as an independent owner/operator under lease to Landstar Ranger, Inc.

10.

The allegations of paragraph 10 of the Complaint for Damages are denied except that the 2012 Freightliner tractor trailer truck was covered by a policy of insurance which was in full force and effect on the date alleged, said policy being subject to all of its own terms, limitations and exclusions, and, as a written contract, is pled as the best evidence of the contents therein.

11.

The allegations of paragraph 11 of the Complaint for Damages are denied.

12.

The allegations of paragraph 12 of the Complaint for Damages are denied.

13.

The allegations of paragraph 13 of the Complaint for Damages are denied.

14.

The allegations of paragraph 14 of the Complaint for Damages are denied.

15.

The allegations of paragraph 15 of the Complaint for Damages do not necessitate a response from these Defendants.  In the event that a response is deemed necessary, it is admitted that the venue is proper.

16.

The allegations of paragraph 16 of plaintiff's Complaint for Damages are denied.

17.

The allegations of paragraph 17 of the Complaint for Damages do not necessitate a response from these Defendants because it is a prayer for relief.  In the event that a response is deemed necessary, the allegations are denied.

18.

Defendants aver that they are entitled to and hereby request a trial by jury on all issues in this matter.

WHEREFORE, premises considered, these Defendants pray that this Answer to Complaint for Damages be deemed good and sufficient and that after all legal delays and due proceedings, there be judgment herein in their favor and against plaintiff with prejudice and at plaintiff's cost.

AND FOR ALL GENERAL AND EQUITABLE RELIEF, ETC.

Respectfully submitted,

**The Dill Firm, A.P.L.C.**

/s/ James M. Dill

BY: _____

JAMES M. DILL (Bar Roll #18868)
VIVIAN V. NEUMANN  (Bar Roll #20624)
825 Lafayette Street
Post Office Box 3324
Lafayette, Louisiana 70502-3324
Telephone: (337) 261-1408 Ext. 211
Facsimile: (337) 261-9176
Email: jdill@dillfirm.com
ATTORNEYS FOR LANDSTAR RANGER, INC.,
OLD REPUBLIC INSURANCE COMPANY AND
JACQUES J. MANASSEE

## **CERTIFICATE**

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served upon counsel for all parties to this proceeding via email only.

Lafayette, Louisiana, this 23rd day of May, 2018

/s/ James M. Dill

_____

JAMES M. DILL